IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DELL INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. No. 1:21-cv-1176 |
| | § | |
| JASON WEBBER, | § | |
| | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Jason Webber ("Mr. Webber") files this Notice of Removal, and hereby removes the above-entitled civil action from the 395th Judicial District Court of Williamson County, Texas, to the United States District Court for the Western District of Texas, Austin Division. *See* 28 U.S.C. §§ 1441(a), 1446.

## NATURE OF REMOVED ACTION

1.      Plaintiff Dell Inc. ("Plaintiff" or "Dell") alleges breach of a "Non-Competition/Non-Solicitation" provision and seeks temporary injunctive relief and "all other relief, in law or in equity, to which Dell may be entitled," pursuant to Mr. Jason Webber's employment agreement with Plaintiff in the civil action styled *Dell Inc. v. Jason Webber*, Cause No. 21-2003-C395, in the 395th Judicial District Court in Williamson County, Texas ("state court action").

## PROCEDURAL HISTORY

2.      Plaintiff filed the state court action on December 15, 2021 but did not provide Mr. Webber with notice of the lawsuit until after it obtained an *ex parte* Temporary Restraining Order on December 17, 2021.  Plaintiff did not provide an opportunity for Mr. Webber or his counsel to provide any facts of new employment to Plaintiff despite Mr. Webber proactively and in good faith complying with the provisions of his Key Employee Agreement with Plaintiff by notifying Plaintiff of his new employment *prior to entering into an Offer letter with a new employer*, providing forwarding contact information in the event Plaintiff wished to query further, and timely returning all of Plaintiff's information, resources, and equipment.  As will be demonstrated in this Court, the lawsuit against Mr. Webber was completely unnecessary as he will not be competing against Dell in his new job.  Mr. Webber filed an Original Answer on December 27, 2021.

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served and/or filed in the state court action is attached to this Notice of Removal as <u>Exhibit B</u>. An index of these documents is attached as <u>Exhibit A</u>. A list of counsel of record is attached as <u>Exhibit C</u>.

## VENUE

4.      Venue is proper in this District and Division pursuant to section 1441(a), which permits removal to "the district court of the United States for the district and division embracing the place where [the state action] is pending."  28 U.S.C. § 1441(a).

**TIMELINESS OF REMOVAL**

5.     Removal of this matter is timely. Mr. Webber first received a copy of Plaintiff's Original Petition on December 17, 2021. *See* Exhibit B-15. Mr. Webber's Notice of Removal is filed with this Court on December 28, 2021, which is within thirty days after Mr. Webber's receipt of Plaintiff's Original Petition, as required by section 1446(b)(1), and the state court action has been pending for less than one year as required by section 1446(c). 28 U.S.C. §§ 1446(b)(1), (c).

**LEGAL STANDARD FOR A NOTICE OF REMOVAL**

6.     Section 1446(a) specifies that a notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  This language purposefully tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009)).  "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "'pleading'" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (citing H.R. Rep. No. 100–889, p. 71 (1988)).

**GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

7.     Mr. Webber invokes his right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.

§ 1441(a).  Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a). For diversity jurisdiction to be proper, a "court must be certain that all plaintiffs have a different citizenship from all defendants."  *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

**A.  The parties are completely diverse.**

8.     Complete diversity exists when no plaintiff is a citizen of the same state as any defendant.  *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974) (internal citations omitted).

9.     Plaintiff alleges that it is a citizen of Delaware and Texas.  Exhibit B-2 ¶ 1.

10.     Defendant Mr. Webber is a natural person residing in Elma, New York, where he intends to remain. *Id.*  Accordingly, for jurisdictional purposes, Mr. Webber is citizen of the State of New York.  *See* 28 U.S.C. § 1332(c)(1).

11.     Because Plaintiff is a citizen of Delaware and Texas and Mr. Webber is a citizen of New York, complete diversity exists at the time of removal.

**B.  The amount in controversy exceeds $75,000.**

12.     Although Defendant disputes the merits of Plaintiff's entitlement to any relief, the amount in controversy in this case exceeds the $75,000 threshold for the purpose of conferring federal jurisdiction.  *See* 28 U.S.C. § 1332(a).

13.    Plaintiff's Original Petition principally seeks temporary injunctive relief.  In such a case, Defendant bears the burden "to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Prosperity Bank v. Bishop*, No. CV H-15-0380, 2015 WL 13121229, at *3 (S.D. Tex. Apr. 9, 2015) (internal citations omitted). Defendant's burden is met if "it is facially apparent" from the plaintiff's petition that its claims likely exceed $75,000 or, in the alternative, the defendant sets forth facts, either in the notice of removal or by supporting affidavit, supporting the requisite amount. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003).  The notice of removal must make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *ECL Grp., LLC v. Mass*, No. 3:17-CV-2399-D, 2018 WL 949235, at *3 (N.D. Tex. Feb. 20, 2018) (citing *Owens*, 574 U.S. at 89).

14.    For cases in which the plaintiff seeks injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Id.* (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *Garcia*, 351 F.3d at 640).  Put differently, "[t]he value to the plaintiff of the rights he is seeking to protect is the measure of jurisdiction..., even though the value of that right may not be capable of exact valuation in money." *Teksystems, Inc. v. Bradley*, No. 3:07-CV-1009-N, 2007 WL 9717521, at *3 (N.D. Tex. Dec. 3, 2007) (citing *Premier Indus. Corp. v. Tex. Indus. Fastener Co.*, 450 F.2d 444, 446 (5th Cir. 1971)).

15.     The Fifth Circuit has held that the inquiry is conducted from the perspective of the plaintiff.  *Garcia*, 351 F.3d at 639-40.  The Fifth Circuit has also "recognized that it has not 'been overly difficult in the past for federal courts to find the requisite jurisdictional amount in actions brought to enforce covenants not to compete.'"  *Prosperity Bank,* 2015 WL 13121229, at *3 (citing *Premier Indus. Corp.*, 450 F.2d at 446).

16.     Here, Plaintiff's Original Petition seeks a temporary injunction that purports to broadly restrict Mr. Webber from gainful employment with Commvault Systems, Inc. ("Commvault").  Exhibit B-2 ¶ 65.  Accordingly, the amount in controversy must be determined by considering the value to Plaintiff of this requested injunctive relief.  *See ECL Grp., LLC*, 2018 WL 949235, at *3.

17.     First, Plaintiff alleges it "has the ability, and plans in arbitration, to recoup Mr. Webber's equity awards if he works or has worked for Commvault as threatened," which, according to Plaintiff, total more than $500,000.[1] Exhibit B-2 ¶ 36. Plaintiff's allegation that it is entitled to claw back equity awards as damages in the event Mr. Webber works for Commvault is, at the very least, evidence of the value Plaintiff places on the injunction it seeks.  This allegation alone makes it "facially apparent" from Plaintiff's

[1] For the sake of clarity, Defendant does not agree that there should be any claw back, nor does Defendant agree with the monetary amount in equity alleged by Plaintiff.

Original Petition that it believes[2] its claims likely exceed $75,000 and, therefore, satisfy the amount in controversy requirement. *See Garcia*, 351 F.3d at 639.

18.     In addition, it is worth noting Plaintiff did not seek to limit its recovery to less than $75,000 by filing a stipulation with its petition and has not shown with legal certainty that its claims are less than $75,000.  *See, e.g.*, *Hernandez Jimenez v. Geovera Specialty Ins. Co.*, 2019 WL 6910144, at *1 (S.D. Tex. Dec. 19, 2019) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("A Texas plaintiff who wishes to avoid removal by limiting his recovery to less than $75,000 as a matter of law must file a binding stipulation or affidavit with his original state petition.")).

19.     In sum, this Notice of Removal and Plaintiff's Original Petition and exhibits thereto, incorporated herein by reference, establish by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

20.     Because the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

21.     Defendant has complied with all provisions of 28 U.S.C. § 1446 governing the process for removal.

---

[2] In fact, Mr. Webber engaged proactively with Plaintiff's representative on December 2, 2021, four days before he signed an Offer Letter with Commvault Systems, Inc., to share that "I have never been focused on the back-up/data protection side of [Plaintiff's] business" … "the new role is nothing like what I had been doing for the past several years [with Plaintiff] but instead follows my passion of leading leaders' by managing a presales team." Plaintiff's representative threatened, "**it does not matter**, [you] will be forced to sit on the bench for a year" and "how will [you] handle not making a salary during this period."

22.     Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the state court action is properly removable.

23.     After filing this Notice of Removal, Defendant will promptly provide written notice of the filing to Plaintiff and to the Clerk of the 395th District Court in Williamson County, Texas, where the state court action is pending.

## NOTICE OF CONSENT

24.     There is only one Defendant in the state court action.  Thus, the consent of no other Defendant is necessary to remove this action.

## CONCLUSION AND PRAYER

Defendant Jason Webber respectfully requests that this Court issue the orders necessary to proceed with the determination of the issues raised by the parties.

Date: December 28, 2021

Respectfully submitted,

**BECK REDDEN LLP**

By: */s/ Alistair B. Dawson*
    Alistair B. Dawson
    Texas Bar No. 05596100
1221 McKinney Street, Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile:  (713) 951-3720
adawson@beckredden.com
**ATTORNEY-IN-CHARGE FOR
DEFENDANT JASON WEBBER**

**OF COUNSEL:**
**BECK REDDEN LLP**
Jacqueline M. Furlow
Texas Bar No. 24087551
1221 McKinney Street, Suite 4500

8

Houston, TX 77010
Telephone: (713) 951-3700
Facsimile:  (713) 951-3720
jfurlow@beckredden.com

**BECK REED RIDEN LLP**
Russell Beck*
Massachusetts Bar No. 561031
rbeck@beckreed.com
Nicole Corvini*
Massachusetts Bar No. 670587
ndaly@beckreed.com
Hannah T. Joseph*
Massachusetts Bar No. 688132
hjoseph@beckreed.com
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: 617-500-8660
Facsimile: 617-500-8665
*Pro hac vice application forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2021, the foregoing document was served upon the following counsel of record in compliance with the Federal Rules of Civil Procedure:

T. Cullen Wallace
cullen.wallace@morganlewis.com
Morgan Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, TX 77002

Michael J. Puma
michael.puma@morganlewis.com
Morgan Lewis Bockius LLP
1701 Market Street
Philadelphia, PA 19103
**Attorneys for Plaintiff**

/s/ Alistair B. Dawson
Alistair B. Dawson

9